UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00062-MR

| CHARLES JORDAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| BUNCOMBE COUNTY JAIL DOCTOR, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 9].

**I. BACKGROUND**

Pro se Plaintiff Charles Jordan ("Plaintiff") is currently detained at Bastrop County Jail in Bastrop, Texas. He filed this action on March 22, 2022 pursuant to 42 U.S.C. § 1983 against Defendants Buncombe County Jail Doctor in his/her individual capacity; ten (10) unidentified Asheville police officers in their individual capacities; the Buncombe County Jail; State Hospital Doctor in his/her individual capacity; and five (5) unidentified State Hospital Nurses in their official capacities. [Id. at 2-3]. Plaintiff purports to

assert claims under the Religious Freedom Restoration Act, the Civil Rights Act, 18 U.S.C. § 242, and the First, Fourth, Eighth, and Fourteenth Amendments, as well as claims for "mental hospital without cause," excessive force, assault, and "liberty due process." [Id. at 3].

Plaintiff's claims appear to involve two separate incidents, the first in April 2020 at the Buncombe County Jail and "State Hospital" and the second in June 2020 in Asheville, North Carolina, outside the federal building. [Id. at 4]. Plaintiff alleges that while detained at the Buncombe County Jail in April 2020 he refused to take his medication for religious reasons and was sent to the State Hospital. Then, at the State Hospital, he was forced to take medication despite his religious opposition and without any further explanation alleges "[b]ut needle naked in front of women." [Id. at 5]. Plaintiff further alleges that in June 2020 he was participating in a protest in Asheville, North Carolina, and the Asheville Police Department teargassed a group of 100 protestors "after & during dispersment [sic]." [Id.].

Plaintiff alleges various injuries, including an excessive sentence due to the civil commitment, assault with a needle, an asthma attack, headaches, paranoia, post-traumatic stress disorder, muscle twitches, suicidal thoughts, and forced medication. [Id.].

For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff, however, may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

Here, Plaintiff brings multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court will

not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. The Court, however, will allow Plaintiff thirty (30) days to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Plaintiff is also admonished that if he again names unidentified individuals as Defendants in this matter, he must name them individually as John/Jane Doe defendants until they can be identified through discovery or otherwise. He must also allege in what conduct each individually named Doe Defendant engaged. Simply naming them as "Unknown Officers" or "unknown State Hospital Nurses," for example, is insufficient and improper.

Finally, the Court will dismiss the Buncombe County Jail as a Defendant in this matter. A correctional institution is not a "person" subject to suit under § 1983. <u>Brooks v. Pembroke Jail</u>, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Thus, Buncombe County Jail is not a proper Defendant in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Buncombe County Jail is **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge