UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00062-MR

| | |
|---|---|
| CHARLES JORDAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CITY OF ASHEVILLE, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 11] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 9].

**I.   BACKGROUND**

Pro se Plaintiff Charles Jordan ("Plaintiff") is currently detained at Bastrop County Jail in Bastrop, Texas. He filed this action on March 22, 2022 pursuant to 42 U.S.C. § 1983 against Defendants Buncombe County Jail Doctor; ten (10) unidentified Asheville police officers; the Buncombe County Jail; State Hospital Doctor; and five (5) unidentified State Hospital Nurses. [Id. at 2-3]. Plaintiff purported to assert claims under the Religious Freedom Restoration Act, the Civil Rights Act, 18 U.S.C. § 242, and the First,

Fourth, Eighth, and Fourteenth Amendments, as well as claims for "mental hospital without cause," excessive force, assault, and "liberty due process." [Id. at 3]. Plaintiff's claims involved two separate incidents, the first in April 2020 at the Buncombe County Jail and "State Hospital" and the second in June 2020 in Asheville, North Carolina, outside the federal building. [Id. at 4]. As to the second claim, Plaintiff alleged that in June 2020 he was participating in a protest in Asheville, North Carolina, and the Asheville Police Department teargassed a group of 100 protestors "after & during dispersment [*sic*]." [Id.]. On initial review of Plaintiff's Complaint, the Court found that Plaintiff failed to state a claim for relief and admonished Plaintiff that he may not bring unrelated claims against unrelated Defendants in a single action. [Doc. 10 at 4]. The Court also admonished Plaintiff as follows:

> [I]f he again names unidentified individuals as Defendants in this matter, he must name them individually as John/Jane Doe defendants until they can be identified through discovery or otherwise. He must also allege in what conduct each individually named Doe Defendant engaged. Simply naming them as "Unknown Officers" or "unknown State Hospital Nurses," for example, is insufficient and improper.

[Id. at 5]. Plaintiff timely filed an Amended Complaint, which is now before the Court on initial review. [Doc. 11].

In his Amended Complaint, which he brings pursuant to 42 U.S.C. § 1983, Plaintiff focuses on the events he alleges occurred in June 2020 in Asheville, North Carolina. [See id.]. Plaintiff names the City of Asheville and "10 unknown officers," in their individual and official capacities, as Defendants in this matter. Plaintiff claims that that, "[a]bout June 2020 protesting walking and riding in truck in fraunt [sic] of the Federal Building Downtown Asheville. 100 protestors tear gassesed, while dispursing from Police State as ordered." [Id. at 4]. Plaintiff also adds that "10 police blocked the rear of the truck I was in bed of with Police van illegaly blocked that street and shot tear gass & flash bangs at legal protestors." [Id. at 5 (errors uncorrected)]. Plaintiff claims that this conduct violated the Civil Rights Act, his First Amendment right to assemble, his Fourth Amendment right to be free from seizure, and his Fourteenth Amendment rights to be free from cruel and unusual punishment and to be an "ashma person free from tear gas." He also generally claims assault. [Id. at 3 (errors uncorrected)].

For injuries, Plaintiff claims that he suffered PTSD, headaches, paranoia, and an asthma attack. [Id.]. For relief, Plaintiff seeks $1 million. [Id.].

3

Case 1:22-cv-00062-MR   Document 12   Filed 05/11/22   Page 3 of 8

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's Amended Complaint fails initial review, as did his original Complaint.

First, Plaintiff has not alleged any facts tending to support a claim against Defendant City of Asheville. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429

5

U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983, on the other hand, cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff makes no allegations against the City of Asheville and no allegation that any City policy was the moving force behind the conduct of the "10 unknown officers." Thus, Plaintiff has failed to state a claim for relief against the City of Asheville.

Next, the Court expressly admonished Plaintiff that if he were to amend his Complaint, he must name any unidentified individuals as John/Jane Doe defendants until they can be identified through discovery or otherwise. Plaintiff was specifically told that simply naming these unidentified individuals as "Unknown Officers" is insufficient and improper. Plaintiff was also admonished that he must allege in what conduct each individually named Doe Defendant engaged. Plaintiff failed to adhere to the Court's instructions in all respects. Plaintiff again named these Defendants as "10 unknown

officers" and failed to allege in what conduct each individual Doe Defendant engaged. He alleged only that "10 police" used a police van to block the rear of a truck bed that Plaintiff was in and "shot teargass & flash bangs at legal protestors." [Doc. 11 at 5]. Plaintiff's allegations regarding these 10 officers are simply too vague and nonsensical to state any claim for relief against any unidentified Defendant. Moreover, Plaintiff failed to distinguish the conduct of each unidentified Defendant as directed in the Court's initial review Order.

Finally, Plaintiff has failed to meet the <u>Twombly</u> plausibility standard, having not raised "a right to relief above the speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. at 555, 570. Plaintiff's allegations are too vague and speculative to raise more than the mere possibility of some right to relief. Plaintiff, therefore, has failed to state a claim for relief, in any event.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise failed to state a claim for relief, the Court will dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. <u>See</u> <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's

7

Case 1:22-cv-00062-MR   Document 12   Filed 05/11/22   Page 7 of 8

Amended Complaint with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 11] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge